## UNITED STATES DISTRICT COURT
## DISTRICT OF MINNESOTA

John Doe,

            Plaintiff,

    v.

Cook County School District, IDS #166, and William Crandall, Megan Myers, Mitch Dorr, employees of Cook County School District, IDS #166,

            Defendants.

---

**PLAINTIFF'S MEMORANDUM OF LAW IN SUPPORT OF MOTION FOR PRELIMINARY INJUNCTION**

**Case No.: 18-cv-3051**

---

### INTRODUCTION

In this suit, Plaintiff challenges Cook County School District, IDS #166's (hereinafter "Cook County High School") investigation and adjudication of a sexual assault claim against him and the subsequent suspension that arose from that investigation and adjudication.

As set forth below, Plaintiff meets the requirements for preliminary injunctive relief. He will suffer irreparable injury absent immediate injunctive relief because he will be facing an immediate suspension from school and will be precluded from taking part in winter sports, putting his college athletic scholarship at risk as the result of a flawed and discriminatory sexual assault investigation and adjudication.

Plaintiff is also likely to succeed on the merits, or at least demonstrate serious questions going to the merits of this claims. Cook County High School's investigation and adjudication of the allegations against Plaintiff was unfair, arbitrary, and biased and

conducted in violation of Title IX of the 1972 Education Amendments and in violation of

Plaintiff's Fourteenth Amendment Due Process Rights.  This is not a close case.

The balance of hardship tips decidedly in Plaintiff's favor because Plaintiff will

suffer substantial and immediate harm if he is not permitted to return to school, but Cook

County High School will suffer no harm.  For these reasons, and the reasons set forth

below, the Court should grant Plaintiff preliminary injunctive relief.

## FACTS[1]

In this suit, Plaintiff challenges the disciplinary action taken against him by

Defendants on the basis that the actions were done in violation of Plaintiff's rights under

Title IX, in violation of Plaintiff's Due Process Rights, and that when it decided to

institute disciplinary proceedings against him, Defendant was negligent in how it went

about doing so.  The nature of Plaintiff's allegations are set forth in great detail in his

Verified Complaint, a copy of which is attached here.

In summary, the disciplinary action against Plaintiff commenced when he received

a letter stating he was accused of violation of the school's policy related to sexual assault.

The letter told Plaintiff he had two (2) days to decide if he would agree to be interrogated

by an investigator hired by the school district or not.  If he did agree, he would be alone

in the interrogation, with the investigator and the Assistant Principal, and would

apparently, be made aware of the some of the allegations against him at that time.  If he

did not agree to be subjected to interrogation, Plaintiff could submit a letter in his

---

[1] [1] The facts of this case are alleged in Plaintiff's Verified Complaint, attached hereto as Exhibit P-1.

defense, but would not be told anything about the allegations against him.  As Assistant Principal, Defendant, Mitch Dorr, a mandatory reporter, would be present for the meeting, participate in the meeting, and would require Plaintiff to waive his 5th Amendment Rights to the United States and Minnesota Constitution.  After Plaintiff consulted with his parents, they determined that the minor child would not be subjected to interrogation and submitted a letter stating Plaintiff had not sexually assaulted anyone.

Less than a week later, on October 23, 2018, Plaintiff received a letter informing him he had been found to have "engaged in sexual violence, unwelcome sexual physical contact and sexual harassment of several female School District students off School District property during and prior to the 2017-18 school year."  The letter further stated "Although these incidents occurred off School District property, your conduct toward these students had had the purpose or effect of interfering with their education and creating an intimidating educational environment for them.  Therefore, the complaint has been substantiated."

**At no point have either Plaintiff or his parents been informed of the what exactly Plaintiff was alleged to have done, who he is alleged to have done it to, where it was alleged to have occurred (other than off school grounds), or even when the incidents were alleged to have occurred.**  Plaintiff was also denied access to any information about who had been interviewed and if there was any evidence against him other than the word of other students. Despite this, Plaintiff has been branded a sex offender and has been suspended from school in a manner that has precluded him from

finishing the football season and will make him miss most of the upcoming hockey season.

## ARGUMENT

Whether to grant a preliminary injunction is with this Court's discretion. *Gen. Motors Corp. v. Harry Brown's, LLC*, 563 F.3d 312, 316 (8th Cir. 2009). In determining whether to grant such relief, there are four (4) factors to consider:

1.  The movant's probability or likelihood of success on the merits;

2.  The threat of irreparable harm or injury to the movant absent an injunction;

3.  The balance between the harm to the movant and the harm that the injunction's issuance would inflict on other interested parties; and

4.  The public interest.

*Dataphase Systems, Inc. v. C L Systems, Inc.*, 640 F.2d 109, 113 (8th Cir. 1981). No single factor is determinative. *Id*. "[T]he question is whether the balance of equities so favors the movant that justice requires the court to intervene to preserve the status quo until the merits are determined." *Id*.

### 1.    Plaintiff is Likely to Prevail on the Merits.

The requirement of showing likely success on the merits of a claim does not require the moving party to show a hard mathematical certainty of success on the merits. *Id*. Rather, what is needed to be proven for this factor to weigh in the moving party's favor depends on the circumstances of the case. *Id*. Where the risk of harm to the moving party is outweighed by the likely injury to the other parties to the litigation, it may be necessary for the moving party to meet the heavy burden of demonstrating he is

likely to prevail on the merits.  *Id*.  On the other hand, where the balance of harm tips

decidedly in the favor of the moving party, it may be sufficient to for the moving party to

show he has raised questions so serious and difficult to call for more deliberate

investigation.  *Id*.

This is a case where the risk of harm falls entirely on the side of Plaintiff, meaning

that this factor should be concluded in his favor as long as he is able to show he has

raised issues and claims worthy of more deliberate investigation.  However, even though

that this the case, this is a matter where Plaintiff is likely to prevail on his claims.

A.     *Plaintiff is likely to prevail on his Due Process Claims.*

The facts plead by Plaintiff show he received notice of allegations of, apparently,

sexual assault against him in a letter dated October 16, 2018.  That letter provided no

details about the allegation and did not identify Plaintiff's accusers.  Rather, it informed

Plaintiff that he could either (1) submit to interrogation, without an adviser present and in

the presence of a mandatory child abuse reporter, by an investigator hired by Cook

County High School, during which Plaintiff would be given some unspecified details

about the allegations against him or (2) submit a written response to the allegation, but

that he would NOT be made aware of the allegations before submitting the written

response.  The facts plead then show that instead of having any sort of hearing, or any

chance to appeal, an unspecified investigation of unidentified witnesses was conducted,

and Plaintiff was found to have engaged unwanted sexual intercourse and to have

engaged in forced oral sex.  Even after this investigation was completed, Plaintiff was

told nothing more than that he was found responsible.  Plaintiff still does not know who

is alleged to have sexually assaulted, when the crimes are alleged to have occurred, or the identity of even a single person who provided evidence against him.

It is well established that a public school must afford students minimum due process protections before issuing significant disciplinary decisions because students have protectable liberty and property interests under the Due Process Clause of the Fourteenth Amendment.  *Goss v. Lopez*, 419 U.S. 565, 573-76 (1975).  The suspension of a child from school for "more than a trivial period" is sufficient to require that some level of due process be provided to avoid an arbitrary deprivation of that right.  *Id*. at 557; *Doe v. Cummins*, 662 Fed.Appx. 437, 445 (6th Cir. 2016).  While there is no blanket rule regarding what level of process is due when a child is facing suspension from school, the minimum level of process due is generally considered to be at least having notice of the charges, an explanation of the evidence, and an opportunity for the student to present his side of the story before an unbiased decision maker.  *John Doe v. University of Cincinnati*, 872 F.3d 393, 399 (6th Cir. 2017) (citing *Mathews v. Eldridge*, 424 U.S. 319, 334-35 (1976) for application of three (3) part test to determine necessary level of due process required).  More recently, due process has been held by require, at the very least, an opportunity to confront witnesses if imposition of discipline hinges on a credibility determination.  *John Doe v. University of Michigan*, No. 17-2213 (6th Cir. Opinion filed August 1, 2018)

In the present case, the proceedings instituted by Cook County High School did not come close to providing the requisite level of due process.  Plaintiff received a letter informing him he was accused of sexual misconduct, but he was not told what he was

alleged to have done, who he was alleged to have done it, or when it was alleged to have occurred.  Based solely on this letter, he was informed he could either (A) agree to submit to interrogation by an investigator hired by the school district, and in the presence of Assistant Principal Dorr, a mandatory reporter, and then maybe learn something about the allegations against him, or (B) write a letter in his defense, but not be given any additional information about what he was alleged to have done, who he is alleged to have done it to, where it was alleged to have occurred, or when it was alleged to have occurred. Based on these choices, Plaintiff submitted a letter denying he had ever sexually assaulted anyone, ever.

After submitting that letter, Plaintiff was told he was found guilty of multiple sexual assaults, but even now, after his suspension has started, he has yet to be made aware of even the most basis of details, like who is accusing him, what he is alleged to have done, and what he is alleged to have done this, and if there is any evidence against him besides the word of another student

If the absolute minimum due process is notice of the allegation, an explanation of the evidence, and a chance to be heard at a meaningful hearing, what happened here did not even come close to that.  The options are, agree to be interrogated and maybe get some information or write a letter in your defense, to be considered as your only contribution, but we will not tell you a single thing about what you are alleged to have done.  Then, there is alleged to have been some kind of investigation, but Plaintiff cannot even confirm if it actually happened because Defendants will not say who was interviewed, what was said, or even who made the allegations against Plaintiff, even after

finding Plaintiff guilty of sexual assault.  He was not even told the standard of proof that would be employed.

Given the appalling lack of anything resembling due process and the clear Supreme Court mandate that at least some level of due process is required, the odds are greatly in favor of Plaintiff prevailing on this claim.

### b.     Plaintiff is likely to prevail on his negligence claims.

Under Minnesota law, a private school does have a duty, paralleling those imposed on public schools by due process, not to arbitrarily dismiss students.  *Abbariao v. Hamline University School of Law*, 258 N.W.2d 108, 112-13, (Minn. 1977); *Rollins v. Cardinal Stritch Univ.*, 626 N.W.2d 464 (Minn. App. 2001).  This case law establishing that a private university owes its students this common law duty clearly indicates that the common law principles of negligence apply in a case such as this.  Other Federal Courts presented with similar state law and common law negligence claims have held that the Plaintiff's claims can withstand a motion to dismiss.

In the case of *Doe v. Brandies Univ.*, 2016 WL 1274533 (D.Mass. 2016), the Court held that, in addition to his breach of contract claims, the plaintiff was also entitled to pursue common law negligence claims for negligent retention and supervision of employees and for negligent infliction of emotional distress.  *Doe v. Brandies Univ.*, 2016 WL 1274533, at 42-43, 45 (D.Mass. 2016).  Of particular importance to this case, in seeking dismissal of Doe's claims, Brandeis argued that Doe's negligence claims must be dismissed because Doe, a student, had a contractual relationship with the university.  *Id.* at 42.  In allowing Plaintiff to pursue his negligence claims, the court in *Brandeis* stated

that plaintiff's contractual relationship with the school and his "status as a student [did] not necessarily preclude his negligence claim[s]." *Id*. at 42.

Similarly, the Court in *Doe v. University of the South*, 687 F. Supp. 2d 744 (E.D. Tenn. 2009), denied the defendant's motion to dismiss the student plaintiff's negligence claim, analyzing the negligence claim under Tennessee state law. *Doe v. University of the South*, 687 F. Supp. 2d 744, P. 34-35 (E.D. Tenn. 2009). In denying the motion to dismiss that Court stated "… in this case a jury could find that the harm caused by the University's allegedly and arguably haphazard implementation of its own Sexual Assault Policies was foreseeable, especially where here, as there, the harm was severe: a wrongful conviction by a disciplinary committee." *Id*. at P. 35.

The Courts in both *Doe v. Brandeis* and *Doe v. University of the South* recognized that when a school undertakes to provide a disciplinary process wherein it will adjudicate a student's guilt or innocence on a claim of sexual assault, the university has an obligation to use reasonable care in creating and implementing the process to avoid causing the foreseeable harm that will result to a student's life from a wrongful sexual assault conviction. This view is consistent with the law in the State of Minnesota.

A negligence claim consists of four (4) elements "(1) the existence of a duty of care; (2) a breach of that duty; (3) an injury was sustained; and (4) breach of the duty was the proximate cause of the injury." *State Farm Fire and Cas. v. Aquila Inc.*, 718 N.W.2d 879, 887 (Minn. 2006). Minnesota law imposes "a general duty of reasonable care when the defendant's own conduct creates a foreseeable risk of injury to a foreseeable plaintiff." *Domagala v. Rolland*, 805 N.W.2d 14, 23 (Minn. 2011). The existence and

scope of a legal duty is generally a question of law for the court, but where there are issues of foreseeability involved, should be submitted to a jury. *Foss v. Kincaide*, 766 N.W.2d 317, 320 (Minn. 2009); *Domagala v. Rolland*, 805 N.W.2d 14, 22 (Minn. 2011).

In this case, when Defendant undertook to put a student on trial for sexual misconduct, it created a foreseeable risk of injury to a foreseeable plaintiff that created a duty of care to conduct that process in such a way as to protect against a wrongful conviction and the severe consequences that flow from it. While Defendant's decision to undertake a disciplinary process, and not the existence school policies, is basis for the existence of Defendant's duty in this matter, the school policies, the requirements of Title IX, and Due Process cases are instructive in determining the scope of Defendant's duty to Plaintiff. *See ServiceMaster of St. Cloud v. GAB Business Services, Inc.*, 544 N.W.2d 302, 307 (Minn. 1996) (stating that in determining if a duty exists and what it is, court will look to contractual relationships, applicable statutes, the common law, and the conduct of the parties).

Because it is clear Defendant owed Plaintiff a duty of care under Minnesota common law, and because Plaintiff has alleged facts showing the haphazard manner in which the proceedings against him occurred, Plaintiff has, at the very least, raised sufficient questions about the proceedings against him to satisfy the first of preliminary injunction factors.

### c.    *Plaintiff is likely to prevail on his Title IX based claims.*

In order to carry an erroneous outcome claim, Plaintiff must plead two (2) elements, (1) facts sufficient to cast doubt as to the accuracy of the outcome of the

proceeding and (2) causation by gender.  *Yusuf v. Vassar College*, 35 F.3d 709, 715-16

(2d Cir. 1994).  In his pleadings, Plaintiff has done just that.

Proof of erroneous outcome can be shown from flaws in the case, such as

omissions in what was included in witness summaries.  *See John Doe v. Washington and*

*Lee University*, Case No. 6:14-cv-00052, P. 16 (W.D. VA. Aug. 5, 2015).  In the present

case, Plaintiff has had difficulty in alleging facts showing the erroneous outcome, but that

is largely because he has, literally, still not been told what he is alleged to have done or

who he is alleged to have done it to.  While Plaintiff is aware he has never sexually

assaulted anyone, he is essentially left trying to prove a negative allegation since he still

does know what he is alleged to have done.

However, even without knowing the facts of what he is alleged to have done and

to whom, the flaws in Defendants' process are so obvious and open that Plaintiff should

be granted the relief he seeks.  For example, those flaws included, but are not limited to:

not providing Plaintiff any chance at all to defend himself, not providing sufficient time

to allow Plaintiff to decide if he should submit to interrogation, not providing Plaintiff

with an advisor of any kind, conditioning Plaintiff being given any – unspecified - details

about the allegations against him on his first agreeing to submit to interrogation from an

investigator hired by the school district and in the presence of a mandatory reporter, and

refusing to tell Plaintiff who was investigated, who made allegations, and even how many

people were interrogated, even after the so called investigation was completed.

Plaintiff contends that these facts and many others alleged in his Complaint, which

show the lack of anything even resembling due process in this life altering proceeding,

are sufficient to raise a question of fact regarding the accuracy of the outcome of the proceedings against him, which given the serious risk of harm to Plaintiff, should be sufficient to satisfy the first of the preliminary injunction factors.

### 2.      Plaintiff will be Irreparable Harmed if an Injunction Does Not Issue.

"Irreparable harm occurs when a party has no adequate remedy at law, typically because its injuries cannot be fully compensated through an award of damages. *Motors Corp. v. Harry Brown's, LLC*, 563 F.3d 312, 319 (8th Cir. 2009).  The threat of irreparable harm must be more than the possibility of remote future injury, there must be a presently existing threat of injury.  *Rogers v. Scurr*, 676 F.2d 1211, 1214 (8th Cir. 1982).  Plaintiff faces such harm.

It is not much of a stretch to state that the course of Plaintiff's life hangs in the balance of this lawsuit and on the accuracy and efficacy of Cook County High School's investigation and determination.  No post-trial remedy can redress the harm Plaintiff's suspension will cause.  While Plaintiff may recover monetary damages as a result of this lawsuit, no amount of money will be able to compensate him for the loss of educational and financial opportunities that will result from his suspension.

Plaintiff is in the first semester of his junior year.  For a person of Plaintiff's age, it is most exciting and important time of his or her life, full of promise and with a lifetime of opportunity just ahead.  In this matter, after a secret investigation, that was followed by a secret proceeding, that resulted in Plaintiff's being held responsible for rape (or maybe multiple rapes), Plaintiff has been labeled a rapist by Defendants.  These are the kind of allegations that will hang with a person for their entire life and have the very real

12

opportunity to change the course of a young man's life.  This is a rural area and a small community and it is entirely reasonable to expect even with the utmost discretion from Defendants, the community at large will know of the allegations and alleged findings against Plaintiff, even though the community at large will never know how little went into arriving at those finds and how they were made entirely in secret, even from Plaintiff.  It is a near certainty Plaintiff will suffer significant stigma if Defendant is able to follow through with its suspension.  Within his community, Plaintiff will forever be known as the individual who was suspended from school for sexual misconduct if his suspension is allowed, and this will be the case even after he is successful in this lawsuit. There is no adequate remedy at law which will be able to compensate or make Plaintiff whole again if this happens.

Courts considering these motions in similar cases have found that irreparable harm will come from a suspension or expulsion from a university.  *See John Doe v. University of Cincinnati*, 872 F.3d 393, 399 (6th Cir. 2017) (upholding grant of preliminary injunction  staying discipline); *See also* Order granting preliminary injunction, *Doe v. Middlebury College*, No. 1:15-cv-192, (Vt. D.C. September 9, 2015) (attached as Exhibit P-2); Order granting preliminary injunction, *McLeod v. Duke University*, No. 14-CVS-3075, 2014 WL 8843115 (N.C.Sup.Ct. May 29, 2014) (attached as Exhibit P-3); Order granting temporary restraining order, *Doe v. George Washington University*, No. 11-cv-00696, (D.D.C., April 8, 2011) (attached as Exhibit P-4); Order granting preliminary injunction, *Coulter v. E. Stroudsburg Univ.*, No. CIV.A.3:10CV0887, 2010 WL 1816632, at *3 (M.D.Pa. May 5, 2010) (attached as Exhibit P-5).

This Court should likewise find that the only way to prevent irreparable harm to Plaintiff is to enjoin Defendant from imposing the suspension and order it to allow Plaintiff to continue with his education and participation in school and athletic events.

### 3. The Balance of Harms Favors Plaintiff.

The balance of factors weights the irreparable harm to the movant, if any, and the injury granting an injunction will cause to the other party. *Dataphase*, 640 F.3d at 113. As discussed above, the harm to Plaintiff if an injunction does not issue would be substantial – with the potential to alter the very course of the life he has worked so hard to develop over the past 17 years.

Cook County High School, on the other hand, will suffer little harm. The only arguable harm to Defendant is if Plaintiff were a threat to other students. However, even this is not the case as during a meeting with Assistant Principal Dorr, and in the letter sent to them, Plaintiff's parents were made aware these allegations stemmed from previous years and that **they took place off campus.** From the apparent delay in doing anything, and the fact nothing is alleged to have happened on school grounds, it is clear Plaintiff does not pose some kind of immediate threat at school.

Further, Plaintiff has attended Cook County Schools since he was five years old. (Doe Aff. ¶ 2). During that time, he has been a good student and a good citizen and has no history of disciplinary issues. (Doe Aff. ¶ 3). Given 11 years of school with no discipline, it is ridiculous to have a student placed in this position on the basis of secret allegations, verified during a secret investigation, and then used against Plaintiff, even though the allegations still remain secret.

14

Finally, it is worth keeping in mind that Plaintiff vigorously denies that he sexually assaulted anyone.  (Doe Aff. § 5).  There is no risk related to Plaintiff attending school, particularly in light of Plaintiff's awareness of what is at stake for him in being able to be in school and take part in activities.

### 4.    Public Interest.

While the public interest is a factor to consider, it is generally not a determinative factor, as the basis for injunctive relief comes from irreparable harm and the inadequacy of legal remedies.  *Bandag, Inc. v. Jack's Tire & Oil, Inc.*, 190 F.3f 924, 926 (8th Cir. 1999).  However, in this matter, the public interest weighs heavily in favor of Plaintiff as it is high time for clarity to be provided relative to these many school related sexual assault investigations.  The madness needs to stop.

## CONCLUSION

Plaintiff respectfully requests that the Court enjoin Defendant from suspending him for as long as this lawsuit is pending.  Plaintiff is likely to prevail on the merits of his claims and will suffer irreparable harm if the suspension is not lifted.  There is no other adequate remedy at law.  Plaintiff respectfully requests oral argument and an evidentiary hearing if necessary.

Dated: October 31, 2018          **MCGRAW LAW FIRM, P.A.**


**/s/Beau D. McGraw**

_____
Beau D. McGraw, I.D. No.: 31190X
Attorney for Plaintiff
10390 39th Street North, Suite 3
Lake Elmo, MN 55042
Telephone:  (651) 209-3200
beau@mcgrawlawfirm.com