UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

---

| | |
|---|---|
| John Doe, | Court File No. 18-cv-3051 (NEB/LIB) |
| Plaintiff, | |
| v. | **ORDER** |
| Cook County School District, IDS #166, et al., | |
| Defendants. | |

---

This matter comes before the undersigned United States Magistrate Judge pursuant to a general assignment made in accordance with the provisions of 28 U.S.C. § 636, upon Plaintiff John Doe's (hereinafter "Plaintiff") Motion to Allow Plaintiff to Proceed Using a Pseudonym. [Docket No. 2]. On November 8, 2018, the Court took Plaintiff's Motion under advisement upon the parties' written submissions. (Order [Docket No. 21]).

For the reasons discussed below, the Court **GRANTS** Plaintiff's Motion to Allow Plaintiff to Proceed Using a Pseudonym. [Docket No. 2].

**I.   Background**

Plaintiff initiated the present case against Cook County School District, IDS #166, and the three Cook County School District employees, William Crandall, Megan Myers, and Mitch Dorr, on October 31, 2018, by filing his Complaint. [Docket No. 1].[1] The allegations in Plaintiff's Complaint arise out of Plaintiff's suspension from Cook County High School after he was accused, by an undisclosed party, of engaging in sexually inappropriate misconduct, and Plaintiff was found by the "School District" to have engaged in such conduct during and prior to

---

[1] Defendant William Crandall is the Superintendent of the Cook County School District. (Compl., [Docket No. 1], at ¶ 4). Defendant Megan Myers is the Principal of Cook County High School. (Id. at ¶ 5). Defendant Mitch Door is the Assistant Principal of Cook County High School. (Id. at ¶ 6).

the 2017–18 school year. (Compl., [Docket No. 1], at ¶¶ 1–60). As a result of that finding, Plaintiff was suspended from school for ten days, and he was informed that he was ineligible for interscholastic athletics participation. (Id. at ¶¶ 60–65). In his Complaint, Plaintiff alleges that Defendants conducted their investigation of the alleged sexual misconduct in a manner which prejudiced Plaintiff's rights and discriminated against him based on his gender.

At the same time he filed his Complaint, Plaintiff also filed the present Motion to Allow Plaintiff to Proceed Using a Pseudonym, [Docket No. 2], as well as, his Memorandum of Law in Support that Motion. (Plf.'s Mem. [Docket No. 3]).[2] On November 5, 2018, the undersigned established a briefing schedule on Plaintiff's Motion to Allow Plaintiff to Proceed Using a Pseudonym and informed the parties that upon the completion of that briefing the undersigned would immediately take Plaintiff's Motion to Allow Plaintiff to Proceed Using a Pseudonym, [Docket No. 2], under advisement on the parties' written submissions.

On November 8, 2018, the parties filed letters, [Docket Nos. 24, 25], informing the Court that the parties had agreed the Plaintiff's Motion should be granted, that Plaintiff should be referred to as John Doe in all future pleadings in the present case, that any alleged victim of the incidents underlying the present case who is referred to in the present case should be referred to as Jane Doe, and that any reference in the present case to the parent of any student will be done pseudonymously as well.

**II.     Plaintiff's Motion to Allow Plaintiff to Proceed Using a Pseudonym. [Docket No. 2].**

Plaintiff's Motion seeks an Order of this Court allowing him "to proceed under the pseudonym John Doe throughout the course of this litigation due to the privacy concerns at the heart of this matter." (Plf.'s Mot. [Docket No. 2]). Through their letters submitted to the Court,

---

[2] On October 31, 2018, Plaintiff also filed a Motion for Preliminary Injunction. [Docket No. 4]. That Motion for Preliminary Injunction is presently scheduled to be heard by the Honorable Nancy E. Brasel.

the parties have informed the Court that they now agree that Plaintiff's present Motion should be granted.

Despite the parties' agreement, the Court must still determine whether or not Plaintiff's Motion may be granted as the relief sought therein affects the public's right to access judicial records.

### A. Standard of Review

Federal Rule of Civil Procedure 10(a) requires pleadings to contain the names of all parties. This requirement creates a presumption in favor of publicly identifying litigants under their true names rather than proceeding pseudonymously. See, Fed. R. Civ. P. 10(a); Luckett v. Beaudet, 21 F. Supp. 2d 1029, 1029, (D. Minn. 1998). However, there are exceptions to Rule 10(a), as well as, countervailing considerations which can overcome the presumption in favor of publicly identifying litigants. See, In re Ashley Madison Customer Data Security Breach Litig., MDL No. 2669, 2016 WL 1366616, at *3 (E.D. Mo. Ap. 6, 2016). In cases where the injury being litigated against would be incurred as a result of the identification of the plaintiff for example, the presumption in favor of publicly identifying litigations may sometimes give way to a plaintiff's privacy interest. See, Doe v. University of St. Thomas, 2016 WL 9307609, at *1–4 (D. Minn. May 25, 2016).

It has long been acknowledged that there is a recognized common law right of public access to judicial records, which includes the public's "right to access documents that are submitted to the Court and that form the basis for judicial decisions." Aviva Sports, Inc. v. Fingerhut Direct Mktg., Inc., 960 F. Supp. 2d 1011, 1013 (D. Minn. 2013) (citing IDT Corp. v. eBay, 709 F.3d 1220, 1222 (8th Cir. 2013) (in turn citing Nixon v. Warner Commc'ns, Inc., 435 U.S. 589, 598 (1978))). The Eighth Circuit has held that the common law right of access applies

to judicial records in civil proceedings. IDT Corp., 709 F.3d at 1222. "This right of access bolsters public confidence in the judicial system by allowing citizens to evaluate the reasonableness and fairness of judicial proceedings and 'to keep a watchful eye on the workings of public agencies.'" Id. (internal citation omitted) (quoting Nixon, 435 U.S. at 598). The public's right of access "also provides a measure of accountability to the public at large, which pays for the courts." Id.

The Eight Circuit has explained that the public's right of access "is not absolute, but requires a weighing of competing interests." Webster Groves Sch. Dist. v. Pulitzer Publ'g Co., 898 F.2d 1371, 1376 (8th Cir. 1990). Specifically, the district court "must consider the degree to which sealing a judicial record would interfere with the interest served by the common-law right of access and balance that interference against the salutary interest served by maintaining confidentiality of the information sought to be sealed." IDT Corp., 709 F.3d at 1223. The weight that the court gives to the presumption of access "must be governed by the role of the material at issue in the exercise of Article III judicial power and resultant value of such information to those monitoring the federal courts." Id. at 1224 (internal quotation marks omitted).

**B. Analysis**

Plaintiff asserts that the balance of the relevant interests weighs "in favor of allowing Plaintiff to proceed under an assumed name." (Plf.'s Mem., [Docket No. 3], at 3). In support of his assertion, Plaintiff argues that his Motion should be granted because "[r]equiring Plaintiff to proceed under his true name in this matter will only cause the embarrassment and harm to Plaintiff's name and reputation that has already occurred to be increases exponentially as he fights to clear his name." (Id.).

As noted above, IDT Corporation provides that "[w]here the common-law right of access is implicated, the court must consider the degree to which" the requested relief "would interfere with the interest served by the common-law right of access and balance that interference against the salutary interest served by maintaining confidentiality of the information sought to be sealed." IDT Corp. v. eBay, 709 F.3d 1220, 1223 (8th Cir. 2013). The weight that the Court gives to the presumption of access "must be governed by the role of the material at issue in the exercise of Article III judicial power and resultant value of such information to those monitoring the federal courts." Id. at 1224 (internal quotation marks omitted).

Plaintiff's request to proceed pseudonymously implicates the common-law right of access as the public would not be able to ascertain the party bringing Plaintiff's Complaint. The procedures surrounding the investigation underlying the claims in this case are of the same type which are presently subject to much national debate and importance to the education community at large. Lawsuits similar to the present action are being filed across the nation, and they are the basis for a national debate regarding what procedures ought to be required for investigating allegations of sexual misconduct within this Nation's education systems; such as the sexual misconduct investigation underlying the present Complaint.

However, the "resultant value" of Plaintiff's true identity "to those monitoring the federal courts" relative to the issues raised by this case is minimal in light of the fact that Plaintiff's Complaint, [Docket No. 1], contains all of the relevant facts underlying the present case. Each of the factual allegations, as well as, the legal issues raised in the present case are contained in the Complaint, [Docket No. 1], and remain publicly available.

Moreover, if Plaintiff is identified at the present time, the injury against which he is litigating could be inadvertently incurred before the outcome of the present case is even known.

5

Plaintiff alleges that Defendants' conduct caused injury to his reputation which resulted in past and future economic loss, loss of educational opportunities, and the loss of future career opportunities. (See, Compl. [Docket No. 2], at 37). Public identification of Plaintiff at this point in time could result in furthering the exact harm he is attempting now to resolve in the present case. If that were to occur, Plaintiff would not be able to obtain complete relief, even if he were to ultimately prevail in the present case. As U.S. Magistrate Judge Katherine Menendez noted "forcing Mr. Doe to proceed under his true name would guarantee a permanent label as a sexual offender, discoverable with a simple Google search; that is arguably worse than the reputational harm he complains . . . ." Doe, 2016 WL 9307609, at *4.

Lastly, Defendants have not offered any evidence of prejudice they will suffer by allowing Plaintiff to proceed pseudonymously. In fact, in lieu of responding to the present Motion, the Defendants, contemporaneously with Plaintiff, submitted letters indicating that the parties had agreed Plaintiff's Motion should be granted. (Letters [Docket Nos. 24, 25]). In any event, any prejudice is unlikely as Defendants are fully aware of Plaintiff's identity.

Therefore, the Court **GRANTS** Plaintiff's Motion to Allow Plaintiff to Proceed Using a Pseudonym. [Docket No. 2]. All future pleadings in the present case shall refer to Plaintiff as John Doe.

As noted above, the parties also agreed that any alleged victim in the incidents underlying the present case, as well as, any student's parent should also be referred to pseudonymously. Accordingly, the Court will order that all future pleadings in the present case shall refer to any alleged victim in the incidents underlying the present case by "Jane Doe # __" and that any

reference to any student's parent will be pseudonymous such as the "parent[s] of Jane Doe # ___."[3]

The Court also finds need to address the identification of any other students possibly involved in the Defendants' investigation underlying the present case. Although not discussed by the parties, the identification of non-party, non-victim students involved in the investigation underlying the present case could jeopardize the privacy interest of those individuals; moreover, it could allow the public to inadvertently and potentially prematurely ascertain the identification of the Plaintiff in the present case. Federal Rule of Civil Procedure 10(a) provides that a complaint shall state the names of all the parties, it does not require the name of every person in the Complaint. Fed. R. Civ. P. 10(a). Moreover, Federal Rule of Civil Procedure 8 requires only "a short and plain statement of the claim showing that the pleader is entitled to relief" and of the Court's jurisdiction over the claim. Fed. R. Civ. P. 8. The Court finds no authority which mandates that "short and plain statement of the claim showing that the pleader is entitled to relief" would require the naming of every non-party, non-victim student involved in the investigation—whom all parties in the case can readily identified by pseudonym as is the circumstance in the present Complaint. This Court has previously found that using the initials of a non-party student witness involved in an investigation similar in context to the one underlying the present case is adequate to protect the privacy of that non-party student witness. See, Wildenborg v. Saint John's University, et al., No. 16-cv-3610 (DWF/LIB), [Docket No. 29], at 12–13 (D. Minn. Jan. 17, 2017).

Accordingly, in an effort to continue to protect non-party, non-victim students' privacy, in future filings referring to any non-party, non-victim student witness involved in the

---

[3] Each "Jane Doe" shall be given a unique identifier, e.g., "Jane Doe #1"; "Jane Doe #2"; etc.

Defendants' investigation underlying this case, the parties are also directed to use the first and last initial pseudonyms in place of those non-party students' names.

### III. CONCLUSION

For the foregoing reasons, and based on all of the files, records, and proceedings herein,

**IT IS HEREBY ORDERED THAT:**

1. Plaintiff's Motion to Allow Plaintiff to Proceed Using a Pseudonym, [Docket No. 2], is **GRANTED**;

2. All future pleadings in the present case shall refer to Plaintiff as John Doe;

3. All future pleadings in the present case shall refer to any alleged victim in the incidents underlying the present case by a unique Jane Doe # __ pseudonym;

4. All future pleadings in the present case shall refer to the parent of any student pseudonymously as described in the Order above; and

5. All future pleadings in the present case shall refer to any non-party, non-victim students involved in the investigation underlying the present case by first and last initial pseudonyms.

Dated: November 9, 2018                     s/Leo I. Brisbois
                                            Leo I. Brisbois
                                            U.S. MAGISTRATE JUDGE